IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH KENNEDY,        )<br>                       )<br>        Petitioner,   )<br>                       )<br>    v.                 )<br>                       )<br>UNITED STATES OF AMERICA,  )<br>                       )<br>        Respondent.    ) | Civil Action No. 2:12cv73-WHA<br>                (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a motion by federal inmate Joseph Kennedy ("Kennedy") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Kennedy challenges the 240-month sentence imposed on him in 2005 following his plea of guilty to conspiring to possess with intent to distribute more than 1,000 kilograms of marijuana (Case No. 2:01cr172-LES). He argues that he is entitled to retroactive application of the United States Supreme Court's holding in *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S.Ct. 2577 (2010), which he says would result in his receiving a lesser sentence.[1] For the reasons discussed herein, the court concludes that Kennedy is not entitled to relief.

---

[1] *Carachuri-Rosendo* dealt with the question of under what circumstances a prior conviction for simple possession of a controlled substance can constitute an "aggravated felony" pursuant to 8 U.S.C. § 1229b(a)(3). Specifically, the Supreme Court held that the statutory enhancements for recidivism in regard to simple possession under 18 U.S.C. § 844 do not render a prior conviction a conviction for an aggravated felony, where recidivism is demonstrated by the record but not actually alleged or raised. The undersigned takes no position as to whether retroactive application of *Carachuri-Rosendo* would have any conceivable impact on Kennedy's sentence.

## I.  DISCUSSION

This is the second 28 U.S.C. § 2255 motion filed by Kennedy attacking his conviction and sentence in Case No. 2:01cr172-LES. Kennedy's first such § 2255 motion was filed on November 13, 2006. *See United States v. Kennedy*, Civil Action No. 2:06cv1028-LES, Doc. No. 1. On December 24, 2008, this court denied that § 2255 motion as time-barred and dismissed the action with prejudice. *Id.*, Doc. No. 20 (*Order of District Court Judge Adopting Recommendation of the Magistrate Judge* [Doc. No. 18] *and Dismissing § 2255 Action with Prejudice*). The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

The pleadings and documents in this case reflect that Kennedy has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. It is well settled that a district court lacks the jurisdiction to

consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Kennedy's present motion, and the motion is due to be summarily dismissed.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be denied and this case dismissed, as Kennedy has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 17, 2012**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981, en banc).

DONE, this 5th day of July, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE